# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987)<br>RE-SENTENCING |
| V. | **Case Number:** 10-CR-100-BBC–001 and<br>10-CR-105-BBC-001 |
| BRIAN K. BOWLING | **Defendant's Attorney:** Michael Lieberman |

The defendant, Brian K. Bowling, pleaded guilty to count 1 of the information in 10-CR-100-BBC-001 and count 1 of the indictment in 10-CR-105-BBC-001.

Count 2 of the indictment in 10-CR-105-BBC-001 is dismissed upon motion of the government.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud, a Class B felony (10-CR-100-BBC-001 | November 15, 2006 | 1 |
| 18 U.S.C. § 1343 | Wire Fraud, a Class B felony (10-CR-105-BBC-001) | October 4, 2004 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | February 3, 1966 | | October 11, 2011 |
| **Defendant's USM No.:** | 10205-089 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | 6641 Deer Meadows Drive<br>Huber Heights, OH 45424 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | c/o Bureau of Prisons | | Barbara B. Crabb<br>District Judge |
| | | | October 17, 2011 |
| | | | Date Signed: |

| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: **BRIAN K. BOWLING**<br>CASE NUMBER: **10-CR-100-BBC–001 and 10-CR-105-BBC-001** | Amended Judgment - Page 2 |
|---|---|---|

## IMPRISONMENT

As to count one of the information in case 10-CR-100 and count one of the indictment in case 10-CR-105, it is ordered that the judgment entered on August 12, 2010, is amended to provide that as to each count defendant is committed to the custody of the Bureau of Prisons for a term of 38 months, with the terms to run concurrently.

In all other respects, the judgment remains as entered on August 12, 2010.

Defendant presents neither a flight risk nor a danger to the community. Therefore, execution of the sentence of imprisonment only is stayed until September 14, 2010, when defendant is to report between the hours of 10 a.m. and 2 p.m. to an institution to be designated by further court order. Defendant's release on bail and conditions of pretrial services supervision are continued until September 14, 2010.

### RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                              UNITED STATES MARSHAL

By _____

                                                                Deputy Marshal

Case: 3:10-cr-00100-bbc   Document #: 32   Filed: 10/17/11   Page 3 of 7

| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: **BRIAN K. BOWLING** | Amended Judgment |
|---|---|---|
| | CASE NUMBER: **10-CR-100-BBC–001 and 10-CR-105-BBC-001** | - Page 3 |

# SUPERVISED RELEASE

The terms of imprisonment are to be followed by five-year terms of supervised release on each count, with the terms to run concurrently.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

I am adopting special conditions one through six as recommended in the supervision plan of the presentence report. Neither party objected to the proposed special conditions.

The offense is not drug related and defendant has no history of drug use. Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is waived.

As special conditions, defendant is to:

1) Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

2) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns;

3) Submit his person, property, residence, office, or vehicle to a search, conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be a ground for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition;

4) Refrain from incurring new credit charges and opening additional lines of credit without approval of the supervising U.S. probation officer;

5) Not transfer, give away, sell or otherwise convey any asset worth more than $100 without the prior approval of the supervising U.S. probation officer; and

6) Refrain from seeking or maintaining any employment that includes unsupervised financial or fiduciary-related duties, without the prior approval of the supervising U.S. probation officer.

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: **BRIAN K. BOWLING**<br>CASE NUMBER: **10-CR-100-BBC–001 and 10-CR-105-BBC-001** | Amended Judgment - Page 4 |

## STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT:  **BRIAN K. BOWLING**<br>CASE NUMBER:  **10-CR-100-BBC–001 and 10-CR-105-BBC-001** | Amended Judgment<br>- Page 5 |

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $377,271.00 |
| 1 | $100.00 | | |
| **Total** | $200.00 | $0.00 | $377,271.00 |

It is adjudged that defendant is to pay a $200 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant is to make restitution in the amount of $377,271 to the Clerk of Court for the Western District of Wisconsin for disbursement as indicated in Appendix A.  I reserve ruling on additional restitution, until the U.S. District Court for the Eastern District of Wisconsin decides restitution in two related cases that are pending.  Under 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $100 each month within 30 days of his release from custody.

No interest is to accrue on the unpaid portion of the restitution obligation.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his family and to satisfy the court-ordered restitution in this case.

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: **BRIAN K. BOWLING**<br>CASE NUMBER: **10-CR-100-BBC–001 and 10-CR-105-BBC-001** | Amended Judgment - Page 6 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:
        (1) assessment;
        (2) restitution;
        (3) fine principal;
        (4) cost of prosecution;
        (5) interest;
        (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.

| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: **BRIAN K. BOWLING**<br>CASE NUMBER: **10-CR-100-BBC–001 and 10-CR-105-BBC-001** | Amended Judgment - Page 7 |
|---|---|---|

U.S. v. Brian K. Bowling
Docket No. 10-CR-105-BBC-01 and 10-CR-110-BBC-01

APPENDIX A

| **Victim** | **Address** | **Restitution** |
|---|---|---|
| Wells Fargo Bank<br>c/o J P Morgan Chase | Chase File No. 00118993<br>c/o Tonya Kae<br>7610 West Washington Ave.<br>Indianapolis, IN 46231 | $40,500.00 |
| Freemont Investment and Loan<br>c/o HSBC Bank USA | Case No. 09-CV-963<br>4828 Loop Central Drive<br>Houston, TX 77081 | $30,300.00 |
| World Savings Bank<br>c/o Wachovia Mortgage | ATTN: Tracy Hensen<br>4101 Wiseman Blvd.   San Antonio, TX  78251 | $8,336.00 |
| Long Beach Mortgage<br>c/o J P Morgan Chase | Chase File No. 00184071<br>c/o Jennifer Arney<br>7610 West Washington Avenue<br>Indianapolis, IN 46231 | $298,135.00 |
| Total: | | $377,271.00 |